**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10443 |
| Plaintiff-Appellee, | D.C. No. 4:09-cr-00337-CW-1 |
| v. | |
| DANIEL LAWRENCE MCCOY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted October 21, 2016[**]
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and O'CONNELL,[***] District
Judge.

Appellant Daniel Lawrence McCoy appeals the decision revoking his

supervised release and recommitting him to the custody of the Bureau of Prisons.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***]   The Honorable Beverly Reid O'Connell, United States District Judge
for the Central District of California, sitting by designation.

At McCoy's supervised release revocation hearing, the district court considered the narcotics, syringes, and cash seized from McCoy's person during a police stop. The court then found that he had violated the conditions of his supervised release and subsequently returned him to the custody of the Bureau of Prisons. McCoy alleges that the police stop constituted an egregious violation of his Fourth Amendment rights and that the district court should have applied the exclusionary rule to suppress the evidence seized from his person. Assuming, without deciding, that the egregious violation doctrine applies to supervised release revocation proceedings, we hold that the district court did not err by declining to apply the exclusionary rule because McCoy did not suffer an egregious violation of his Fourth Amendment rights. Accordingly, we affirm the district court's decision.

We have held that the exclusionary rule may be applied in civil deportation proceedings to suppress evidence acquired by means of an "egregious violation" of the Fourth Amendment. Martinez-Medina v. Holder, 673 F.3d 1029, 1033–34 (9th Cir. 2011). Assuming that a similar rule applies in the context of a supervised release revocation proceeding, the question in this case is whether the narcotics, syringes, and cash were "obtained by [a] deliberate violation[] of the [F]ourth [A]mendment, or by conduct a reasonable officer should have known is in violation of the Constitution." Id. at 1034 (internal quotation marks omitted).

"Whether a reasonable officer should have known his conduct violated the Constitution depends in part on whether the constitutional right was clearly established in the particular context at issue." Id. If we find that there was no egregious Fourth Amendment violation, we need not decide whether a Fourth Amendment violation occurred at all. Id.

The officers stopped McCoy based on the fact that he matched the description of a person of interest in a homicide that had occurred a few days before. The description had been given to Officer Hembree in person by a tipster. The tip included a physical description, a first name, and "a location where th[e] individual hangs out or loiters." The tipster described to Officer Hembree a "black male, approximately 6 feet tall . . . with dreadlocks . . . and a slender built [sic]."

McCoy contends that Officers Hembree and Sousa should have known that it would violate the Fourth Amendment to detain him based on an anonymous tip that contained "no predictive information" and consisted only of a "visual identification." We disagree. The "anonymous" tip was provided to Officer Hembree in person, which supports its reliability. United States v. Palos-Marquez, 591 F.3d 1272, 1275 (9th Cir. 2010). The tip also contained predictive information, in that it included "a location where the[] individual hangs out or loiters"—the same general location where the officers encountered McCoy. Given

3

these facts, we cannot say that the officers "should have known" that they lacked reasonable suspicion to detain McCoy.[1] Cf. Florida v. J.L., 529 U.S. 266, 271–72 (2000) (holding that there was no reasonable suspicion based on an anonymous telephone tip devoid of any predictive information).

**AFFIRMED.**

---

[1] Again, we do not decide whether the officers actually had reasonable suspicion to detain McCoy.